## Sewall F. Belknap & others *vs.* Michael Gibbens & Trustee.

A single plaintiff cannot summon himself, nor can several plaintiffs summon one of their own number, as a trustee, in the process of foreign attachment: But the mere fact, that the name and addition of a plaintiff and of a trustee are the same in the writ, does not show that they are one and the same person; and therefore the court cannot legally dismiss the action, upon motion: The identity of the plaintiff and trustee should be pleaded in abatement, in order that it may be traversed, and tried as a question of fact.

Since the *St.* of 1837, *c.* 210, went into effect, a plaintiff, who sues out the process of foreign attachment, and attaches the property of the principal defendant, may proceed with the suit against him, although all the trustees are discharged, if the service on such defendant was made by reading the writ to him, or by delivering to him a copy thereof, attested by the officer who served it, or by leaving such copy for him at his dwelling-house or last and usual place of abode.

THIS was an action of debt upon an award, and was commenced in the court of common pleas. The plaintiffs were Sewall F. Belknap of Windsor, (Vt.) Eliab Gilmore of Concord, (N. H.) and John A. Carpenter of Dedham in this county, copartners. The writ was in the common form used in the trustee process, and alleged that said Gibbens had not, in his own hands, goods and estate, &c. but had "trusted to and deposited in the hands of John A. Carpenter of said Dedham, Rail Road Builder, trustee of said Gibbens, goods, effects and credits," &c. The writ was duly served on said Carpenter and the service on Gibbens, the principal defendant, was thus returned by the officer: "By virtue of this writ, I attached a chip, as the property of the within named Michael Gibbens, and at the same time I summoned him to appear and show cause at court, by leaving, at his last and usual place of abode, an attested copy of this writ."

The person summoned as trustee was defaulted. The principal defendant appeared and moved that the action should be dismissed, whereupon the court of common pleas ruled that said action could not be maintained, as against said trustee, by reason of his being plaintiff in said action, nor as against the principal defendant, by reason of insufficient service upon him, and ordered the action to be dismissed.

The plaintiffs excepted to said decision.

*Ely*, for the plaintiffs.

*Wilkinson*, for the defendant.

SHAW, C. J.   The motion to dismiss the action was placed on two grounds, and sustained by the court of common pleas. 1. That Carpenter, one of the plaintiffs, was summoned as trustee — the only trustee named in the writ. 2. That such plaintiff, as trustee, being discharged, as the defendant insisted he must be, there was no such service as would warrant the court in proceeding against the principal defendant ; that is, no such service of the writ on him, as would be sufficient in an action commenced in the ordinary mode of process.   Rev. Sts. *c.* 109, § 10.

On the second of these grounds, it is contended that when, under the trustee process, there is a separate attachment of the goods of the defendant, there must be a separate summons left with the defendant, pursuant to the provisions of the Rev. Sts. *c.* 90, §§ 39, 41 ; whilst, on the other hand, it is maintained, that these provisions do not extend to the trustee process, which constitutes a distinct system, governed by its own rules ; and that the writ is to be served on the principal defendant, as heretofore, by reading the original summons to the defendant, or by delivering a copy to him personally, or leaving it at his last and usual place of abode.   Rev. Sts. *c.* 109, § 8.   The latter mode would have been good, prior to the revised statutes, under *St.* 1794, *c.* 65, § 1, and was the mode universally adopted in practice.   It may have been altered by the revised statutes, or not.   It seems to depend on this :   The direction is (Rev. Sts. *c.* 109, § 8,) that the trustee writ " shall be served on the principal, and on each of the trustees, in the manner prescribed for the service of an original summons, in other civil actions."   If this latter clause referred to the mode of serving an original summons, as it existed before the revised statutes, it would be clear that a service by copy, and not a separate summons, would be sufficient.   If it referred to the mode prescribed in the same code, (Rev. Sts. *c.* 90, §§ 3, 4,) it would be a more difficult

question. We are not aware that the commissioners have intimated, in their report, any intention to alter the law in regard to the service of trustee writs. If such an alteration has been made, it is important to be known and understood; as it may affect the validity of a separate attachment of property, other than that in the hands of one or more trustees. But we have not thought it necessary to give an opinion upon this question.

Nor have we thought it necessary to express an opinion upon another question, considered in the argument, to wit, whether a plaintiff can summon himself, or whether several plaintiffs can summon one of their own number, as a trustee. It is, as far as we know, a novel experiment. The theory of the trustee suit, the provisions for securing the relative rights of plaintiff and trustee, the rights of appeal, and the general tenor of the law, seem to regard the suit, as between plaintiff and trustee, as an adversary proceeding, and to bring the case within the rule, that a person cannot sue himself, or be plaintiff and defendant in the same case. *Mainwaring* v. *Newman,* 2 Bos. & Pul. 120. The ingenious argument for the plaintiff goes mainly on the ground, that the trustee process is in the nature of process *in rem,* and therefore it is quite immaterial whether the estate and effects to be affected by the attachment are in the hands of the plaintiffs, or one of them, or in those of a third person. This is true in regard to that branch of the statute which is designed to reach goods or chattels, so deposited that they cannot be reached by the ordinary process of attachment; but, in such case, it is wholly unnecessary, because the plaintiff, holding any such goods, which are attachable, can deliver them to the attaching officer; as every trustee is obliged to do on execution, when he is charged on that ground. It is upon the other branch of the statute, affecting " credits," that the difficulty arises, where the purpose is to charge the trustee as the debtor of the principal defendant. The trustee is regarded as in some measure in privity with the principal defendant, and guardian of his rights. If, in his view, the judgment, charging him

40 *

as trustee, is erroneous, and injurious to the principal defend‑ ant, it is his duty to appeal and take the opinion of this court. But, in the present case, it would be an appeal by Carpenter, trustee, from a judgment in favor of Carpenter and others, he being one. Again ; if he fail to pay over on execution, a *scire facias* must be brought by Carpenter and his partners, to compel him to pay the debt out of his own effects. In theory of law, it is an adversary suit ; there is a conflict of rights between the plaintiff and trustee, bringing the case within the ordinary rule in regard to opposing parties. *Eastman* v. *Wright,* 6 Pick. 316. *Moffatt* v. *Van Mullingen,* 2 Chit. R. 539, and 2 Bos. & Pul. 124, *note. Thayer* v. *Buffum,* 11 Met. 399.

But, without deciding these questions, the court are all of opinion that the action ought not to have been dismissed. No sufficient ground for such dismissal appears on the face of the writ and return. On the contrary, all appears regular — the service on a trustee, and the trustee defaulted. It does not appear, and it cannot appear, without evidence *aliunde,* that the John A. Carpenter, one of the plaintiffs, and the John A. Carpenter, the trustee, are one and the same person. Nor can such evidence be given, without a plea in abatement or in bar. A motion to dismiss is in the nature of a demurrer, and can only be sustained when the grounds clearly appear on the record and returns. *Nye* v. *Liscombe,* 21 Pick. 265. *Simonds* v. *Parker,* 1 Met. 511. The fact, that the plaintiff, Carpen‑ ter, and the person summoned as trustee, are one and the same person, and that, by reason thereof, there was no sufficient service on the principal defendant, was matter of abatement, and should have been pleaded, if relied upon, in order that the truth of such fact might have been traversed and tried, in the only mode in which a question of fact can be tried.

If it be said, that if the fact be really so, that the plaintiff and trustee are the same person, and the objection of a want of a plea in abatement is merely a technical one, the answer is, that when the defendant has been actually served with a copy of the writ, and the attachment of a chip is returned,

but no separate summons left, the objection is the merest matter of form, and that a good technical answer may avail, to a technical objection. Nor is this without precedent. When it was notorious that the chief justice of the court of common pleas was plaintiff in a suit in his own court, and the writ, not having been changed from the usual printed form, bore test of his own name ; because it did not appear from the record that the plaintiff and the chief justice, in whose name the writ bore test, were the same person, the court refused to arrest the judgment. *Prescott* v. *Tufts,* 7 Mass. 209. So where the writ was tested in a manner not conformable to the constitution, it could not be taken advantage of, because it was not pleaded in abatement. *Ripley* v. *Warren,* 2 Pick. 592.

It being too late to plead in abatement, the order of this court is, that the exceptions of the plaintiffs to the decision of the court of common pleas, dismissing the plaintiffs' action, be sustained, the said judgment set aside, and the cause remanded to the court of common pleas, for further proceedings.

This case came again before the court, at October term 1848, and the parties submitted the questions formerly raised, upon an agreement that Carpenter, the plaintiff, and trustee, was one and the same person.

SHAW, C. J. The court are of opinion that the trustee must be discharged, for the reasons intimated when the case was formerly before us.

The question recurs, upon the sufficiency of the service to warrant a judgment against the principal defendant, after the discharge of an only trustee. And the court are inclined to the opinion, that the provisions of Rev. Sts. *c.* 90, $\S\S$ 3, 4, 39, 40, 41, directing the service of an original summons with an order to attach goods, and requiring a separate summons to be left, do not apply to the service of trustee writs. But we

think the matter is set at rest by *St.* 1837, *c.* 210, § 1, (not cited at the former argument,) which provides, that "*trustee* writs shall hereafter be served upon the principal defendant and trustee, respectively, in the same manner as is now by law provided for the service of an ' original summons without attachment' in the thirty ninth section of the ninetieth chapter of the revised statutes." By referring to Rev. Sts. *c.* 90, § 39, we find the direction to be, that "when there is an original summons without attachment, the summons shall be served by reading the same to the defendant, or by delivering to him a copy thereof, attested by the officer who serves it, or by leaving such copy for him," as afterwards directed in § 41, to wit, "at his dwelling-house, or last and usual place of abode." If there was room for doubt on the revised statutes, we think this removes it, and that the service on the principal defendant, in the present case, was sufficient to render him amenable, although the only trustee named in the writ was discharged.

The plaintiffs may therefore proceed in their action against the principal defendant.